UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE CLARK,<br><br>        Plaintiff,<br><br> v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Defendant. | 3:08-cv-0158-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Jamie Clark's ("Clark") motion for leave to file under seal a memorandum in support of her motion to strike the opinions rendered by defendant's expert (Doc. #140[1]) filed on March 17, 2010. Doc. #141.

Clark requests leave pursuant to the stipulated protective order regarding confidentiality of discovery material which provides that any party that wishes to file or submit as part of the court record any material subject to the protective order must first file a motion for leave to file such materials under seal with the court. Doc. #65. Clark argues that her memorandum refers to materials deemed confidential by defendant Metropolitan Life Insurance Company ("MetLife").

As an initial matter, the court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.

---

[1] Refers to the court's docket number.

1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

Here, Clark has not put forth any compelling reasons for sealing the requested documents other than the information is covered by the broad protective order entered in this matter. Clark has not met her burden to overcome the presumption in favor of public access to court documents. Accordingly, Clark's motion for leave shall be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file under seal (Doc. #141) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE